[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15679
Non-Argument Calendar

_____

D.C. Docket No. 0:05-cr-60098-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM MOYO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 13, 2012)

Before MARCUS, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

William Moyo appeals the denial of his motion to reduce his sentence.  18

U.S.C. § 3582(c)(2). We affirm.

In September 2009, Moyo pleaded guilty to distributing and possessing with intent to distribute five or more grams of crack cocaine. 21 U.S.C. § 841(a). Because Moyo was responsible 49.5 grams of crack cocaine and was a career offender, his presentence investigation report provided an offense level of 34, United States Sentencing Guidelines Manual § 4B1.1(b) (Nov. 2008), and then reduced that level by three points for Moyo's acceptance of responsibility, id. § 3E1.1. With a criminal history category of VI, the report provided an advisory guideline range between 188 and 235 months of imprisonment.

At Moyo's sentencing hearing, the parties agreed that Moyo should be sentenced as if his offense involved powder cocaine, which would lower Moyo's total offense level to 29 and subject him to a guideline range between 151 and 188 months of imprisonment. The district court accepted the recommendation to apply the lower offense level and sentenced Moyo to 151 months of imprisonment.

On November 8, 2011, Moyo moved to reduce his sentence. 18 U.S.C. § 3582(c)(2). Moyo argued that he was entitled to a two-level reduction of his offense level under unspecified "amendments" to the Fair Sentencing Act of 2010 that altered the offense levels in Section 2D1.1 applicable to crack cocaine offenses. Moyo argued that he had not received the full benefit intended by the

2

Act and that the Act "should . . . apply to career offenders that are charged with cocaine an[d]/or crack offenses."

The district court denied Moyo's motion to reduce.  The district court ruled that "USSG § 1B1.1 only allows a reduction for Amendment 750 where the original sentence was derived from USSG § 2D1.1 and not the career offender provision, USSG § 4B1.1."

Moyo argues, for the first time on appeal, that he was entitled to a reduction of sentence under Amendment 706, but that provision, which became effective in November 2007, was not a "subsequent" amendment under section 3582(c)(2). The district court did not err.

The denial of Moyo's motion to reduce is **AFFIRMED**.

3